UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFREY SCOTT,

           Plaintiff,

v.                                Case No. 14-CV-908

LT. SCHNIEDER,
SGT. UMENTUM,
C.O. II BEAHM,
C.O. II GILL,
DR. MCLAREN,
DR. ENDRES,
DR. JOHNSTON, AND
DR. BAIRD,

           Defendants.

# ORDER

The plaintiff, Jeffrey Scott, is a state prisoner proceeding *pro se* on claims regarding a strip search and subsequent mental health treatment. This matter is now before the court on Scott's amended complaint, his motion to compel, and his motion to appoint counsel, as well as the defendants' motion to stay the dispositive motion deadline pending resolution of their motion for summary judgment on exhaustion. That motion is fully briefed and will be addressed in a separate order.

## Plaintiff's Amended Complaint

Without first seeking leave to do so, Scott filed an amended complaint. The amended complaint provides some additional factual background and detail but adds no new defendants or claims. For that reason, Scott's original complaint remains the operative complaint and the court will strike Scott's Amended Complaint (ECF No. 22).

## Plaintiff's Motion to Compel

On May 15, 2015, the court entered a Scheduling Order that provided a discovery deadline of September 28, 2015, and a deadline for filing dispositive motions of October 19, 2015. On July 2, 2015, the defendants filed a motion for partial summary judgment for failure to exhaust administrative remedies. Scott filed his response to that motion, along with several discovery requests, on July 14, 2015.

Two months later, Scott filed a motion to compel the defendants to produce for inspection and copying the documents he requested on July 14, 2015. In his brief, Scott describes the interrogatories that he believes were not fully answered, but he does not provide the defendants' responses or explain why they were inadequate. Scott also represents that he did not receive documents in response to his requests for production.

Scott's motion and brief contain no certification that he contacted the defendants to confer about any deficiency in their discovery responses before filing his motion. Under Federal Rule of Civil Procedure 37(a)(1), when a party files a motion to compel discovery on the ground that another party has failed to respond to interrogatories or

requests for production of documents, the movant "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Additionally, Civil Local Rule 37 requires the movant to "recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences." For this reason alone, the court must deny Scott's motion to compel.

Beyond that, however, the court notes that the defendants provided a copy of their discovery responses in response to Scott's motion. Absent any explanation from Scott as to how the discovery responses are deficient, the court considers the defendants' objections and answers appropriate and complete.

### Defendants' Motion to Stay Dispositive Motion Deadline

On October 19, 2015, which was the dispositive motion deadline under the scheduling order, the defendants filed a motion asking the court to stay the dispositive motion deadline pending resolution of their motion for partial summary judgment based on Scott's alleged failure to exhaust his administrative remedies, which motion they filed on July 2, 2015. They suggest that the outcome of that motion may affect the scope of their dispositive motion on the merits. They ask for a new dispositive motion deadline thirty days after the court decides their pending motion. The court will grant the defendants' motion. Additional motions for summary judgment will be due thirty

3

days after the court issues a decision regarding the defendants' pending motion for partial summary judgment motion for failure to exhaust administrative remedies.

### Plaintiff's Motion to Appoint Counsel

Finally, on October 26, 2015, Scott filed a motion for appointment of counsel. This is his second such motion (arguably his third, since he asked the court to reconsider its prior decision denying his first motion for appointment of counsel). However, he provides no arguments regarding his inability to litigate this case or regarding the difficulty of the case. *See Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)).

The documents Scott has filed with the court have been clear and he has been able to effectively communicate his claims, motions, and arguments. Also, Scott's claims are fact-based and he can rely on his personal knowledge to present his version of the events and describe how he has been affected by them. Based on the information at hand, the court considers Scott competent to litigate this case and will deny his motion to appoint counsel.

### Conclusion

**IT IS THEREFORE ORDERED** that the plaintiff's amended complaint (ECF No. 22) is **stricken**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel (ECF No. 35) is **denied**.

**IT IS FURTHER ORDERED** that the defendants' motion to stay dispositive motion deadline pending resolution of motion for summary judgment on exhaustion (ECF No. 42) is **granted**. The dispositive motion deadline will be thirty days after the court enters an order resolving the defendants' motion for partial summary judgment for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (ECF No. 43) is **denied without prejudice**.

Dated at Milwaukee, Wisconsin this 14th day of December, 2015.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge